Stephone Taylor appeals the Montgomery Circuit Court's denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P. The petition sought relief from his August 1998 conviction, entered pursuant to a plea of guilt, for second-degree robbery, for which he was sentenced to life imprisonment. No direct appeal was taken, but Taylor did file a Rule 32 petition for postconviction relief in 1999; the trial court denied Taylor's petition, and this Court affirmed its denial in an unpublished memorandum. Taylor v. State
(No. CR-98-2287), 796 So.2d 460 (Ala.Crim.App. 1999) (table). *Page 430 
Taylor filed the instant Rule 32 petition on August 22, 2005, alleging (1) that the trial court was without jurisdiction to render judgment and to impose the sentence and (2) that newly discovered material facts existed. Specifically, Taylor argued that the trial court lacked jurisdiction because, he says, the indictment was defective in that it did not recite that another person was present during the robbery and aided in the robbery. On January 31, 2006, the trial court denied Taylor's petition. Taylor appealed.
Taylor argues that the trial court did not have subject-matter jurisdiction to render judgment and to impose a sentence because the indictment failed to allege an essential element of the charged offense and was, he argues, therefore defective.[1]
The indictment charging Taylor reads:
 "The Grand Jury of said County charge that, before the finding of this indictment,
 STEPHONE D. TAYLOR, alias, STEPHONE TAYLOR, alias, D. TAYLOR, alias, RUDDY TAYLOR, alias, STEPHONE TAYLOR, alias, S.D. TAYLOR, alias, DATKOTA TAYLOR, alias, STEPHONE DATKOTA TAYLOR, whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of wallet and/or lawful currency and/or coinage of the United States of America, of the value of $20.00, a better description of which is unknown to the Grand Jury, use force against the person of the owner or any person present, Miles Smith, with intent to overcome his physical resistance or physical power of resistance, or threaten the imminent use of force against the person of the owner or any person present, Miles Smith, with intent to compel acquiescence to the taking of or escaping with the property, while the said Stephone Taylor was armed with a deadly weapon or dangerous instrument, a gun, a better description of which is unknown to the Grand Jury, in violation of Section 13A-8-41 of the Code of Alabama, against the peace and dignity of the State of Alabama."
(C. 17.) Although the indictment charged Taylor with first-degree robbery, he pleaded guilty to second-degree robbery, a lesser-included offense to the charged offense of first-degree robbery. Typically, an indictment need not specifically charge the lesser-included offense. Ex partePeterson, 890 So.2d 990 (Ala. 2004). Rule 13.2(c), Ala. R.Crim. P., states: "Specification of an offense in an indictment or information shall constitute a charge of that offense and of all lesser included offenses necessarily included therein."
Until recently, a trial court lacked subject-matter jurisdiction to adjudicate a defendant guilty of a lesser-included offense based on an amended indictment if the original indictment charging the offense omitted an element of the lesser-included offense. Ex parte Cole,842 So.2d 605 (Ala. 2002). However, on June 30, 2006, the Alabama Supreme Court decided the matter of Ex parte Seymour,946 So.2d 536 (Ala. 2006). In Seymour, the Supreme Court overruledEx parte Lewis, 811 So.2d 485 (Ala. 2001), Ash v.State, 843 So.2d 213 (Ala. 2002), "and other Alabama cases [that] have held to the contrary." Seymour,946 So.2d at 539.[2] In doing so, the Court opined:
 "The validity of Seymour's indictment is irrelevant to whether the circuit court had jurisdiction over the subject matter *Page 431 
of this case. A defect in an indictment may be error, see Rule 15.2(d), Ala. R.Crim. P. — or even constitutional error, see Ala. Const., Art. I, § 8 — but the defect does not divest the circuit court of the power to try the case. A defendant who challenges a defective indictment is thus subject to the same preclusive bars as one who challenges any other nonjurisdictional error, such as illegal seizure or a violation of the Confrontation Clause."
946 So.2d at 539. Although the Supreme Court did not specifically list Ex parte Cole, supra, as one of the cases it was overruling in Seymour, it also overruled "other Alabama cases [that] have held to the contrary."946 So.2d at 539. Therefore, we read Seymour to overruleEx parte Cole.
Taylor's sole argument on appeal is that the indictment is defective for failing to include an element of the lesser-included offense to which he pleaded guilty. He further argues that the defect divests the trial court of subject-matter jurisdiction. However, the Supreme Court held in Ex parteSeymour "that a circuit court has subject-matter jurisdiction over a felony prosecution, even if that prosecution is based on a defective indictment." 946 So.2d at 539. Taylor is therefore not entitled to any relief.
For the foregoing reasons, the Montgomery Circuit Court properly dismissed Taylor's Rule 32 petition.
AFFIRMED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] Taylor did not argue the existence of newly discovered material facts in his brief to this court; thus, that issue is deemed abandoned, and we will not address it.
[2] Ash held that "[a] valid indictment is the source of the subject matter jurisdiction to try a contested criminal case." Ash, 843 So.2d at 216. Lewis
held that "[f]ailure to allege an essential element of the charged offense is a jurisdictional defect. . . ." Ex parteLewis, 811 So.2d at 487.