962 So.2d 891 (2006)
Carlous COBB
v.
STATE of Alabama.
CR-05-0422.
Court of Criminal Appeals of Alabama.
March 24, 2006.
Opinion on Return to Remand June 30, 2006.
Opinion Granting Rehearing September 29, 2006.
Rehearing Denied December 1, 2006.
Certiorari Denied March 9, 2007.
Carlous Cobb, pro se.
Troy King, atty. gen., and Bettie J. Carmack, asst. atty. gen., for appellee.
Alabama Supreme Court 1060430.
BASCHAB, Judge.
The appellant, Carlous Cobb, was indicted for first-degree robbery. On April 9, 2001, pursuant to a negotiated agreement, he pled guilty to second-degree robbery. The trial court sentenced him, as a habitual offender, to serve a term of life in *892 prison. See § 13A-5-9(c), Ala.Code 1975. He did not appeal his conviction. On May 6, 2005, the appellant filed a Rule 32 petition, challenging his conviction. Without requiring a response from the State, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in his case. Specifically, he contends that the trial court did not have jurisdiction to accept his guilty plea for the offense of second-degree robbery because the indictment did not allege that he was aided by another person who was actually present and because the indictment was not properly amended to allege that he was aided by another person who was actually present. In Ex parte Cole, 842 So.2d 605, 609 (Ala. 2002), the Alabama Supreme Court held:
"When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant  an essential element of the offense of second-degree robbery  the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole's consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment. See Murray v. State, [814 So.2d 1006 (Ala.Crim.App. 2001)]; Wingard v. State, [821 So.2d 240 (Ala.Crim.App.2001)]; Green v. State, [619 So.2d 952 (Ala.Crim.App. 1993)]; and Ross v. State, [529 So.2d 1074 (Ala.Crim.App.1988)]."
In this case, the indictment against the appellant did not allege sufficient facts from which it could be concluded that another person aided him in the robbery. The indictment alleged that the appellant
"did, in the course of committing a theft of lawful United States currency and one (1) 12-gauge shotgun, the property of Wendy Giles, use force or threaten the imminent use of force against the person of Wendy Giles, with the intent to overcome her physical resistance or physical power of resistence or to compel acquiescence to the taking of or escaping with the property, while the said [appellant] was armed with a deadly weapon or dangerous instrument, to-wit: a gun or pistol, in violation of Title 13A, § 13A-8-41, Code of Alabama 1975, contrary to the law and against the peace and dignity of the State of Alabama."
(C.R. 17.) Also, we cannot determine from the record before us whether the indictment was amended to add the allegation that another person aided him in the robbery.
Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact as to whether the indictment against the appellant was amended to add the allegation that another person aided him in the robbery. On remand, the circuit court may require the State to respond specifically to the appellant's claim that he was convicted of an offense for which he was not indicted and/or may conduct an evidentiary hearing on that claim. If the circuit *893 court determines that the indictment against the appellant was not amended to add the allegation that another person aided him in the robbery, then the circuit court shall vacate the appellant's second-degree robbery conviction. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court's specific, written findings of fact and, if applicable, the State's response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

On Return to Remand
BASCHAB, Judge.
The appellant, Carlous Cobb, was indicted for first-degree robbery. On April 9, 2001, pursuant to a negotiated agreement, he pled guilty to second-degree robbery. The trial court sentenced him, as a habitual offender, to serve a term of life in prison. See § 13A-5-9(c), Ala.Code 1975. He did not appeal his conviction. On May 6, 2005, the appellant filed a Rule 32 petition, challenging his conviction. Without requiring a response from the State, the circuit court summarily denied the petition, and the appellant appealed the denial to this court.
On March 24, 2006, we remanded this case to the circuit court with instructions that that court make specific, written findings as to whether the indictment against the appellant was amended to add the allegation that another person aided him in the robbery. See Cobb v. State, 962 So.2d 891 (Ala.Crim.App.2006). On remand, the circuit court found as follows:
"IT APPEARS TO THIS COURT, AND IT IS SO FOUND, that a factual basis was established by the Defendant during his colloquy with this Court to substantiate a plea to Robbery, 2nd Degree, as a lesser included offense of Robbery, 1st Degree; and further that the Defendant agreed de facto to the same and concurred with amending the charge against him as contained in the indictment to such lesser included charge (Record, p. 14 line 25 through p. 15 line 25); and IT FURTHER APPEARS TO THIS COURT, AND IT IS SO FOUND that the same was agreed to by Defendant's counsel at the time of such plea (Record, p. 6 lines 13-14); and
"IT FURTHER APPEARS TO THIS COURT, AND IT IS SO FOUND, that the State set forth additional reasons as to such plea being made to a lesser included charge (Record, p. 16 line 24 through p. 17 line 4) and that this Court, thereafter, approved all of the foregoing and, in accordance with the provisions of Rule 13.5(a), A.R. Cr. P., proceeded to amend such charges orally (Record, p. 15 lines 18-25); and
"IT FURTHER APPEARS TO THIS COURT, AND IT IS SO FOUND, that, based on all of the foregoing, that the indictment against the Defendant was properly amended to add the allegation that another person aided him in the robbery in question and that such was done properly in accordance with the provisions of Rule 13.5(a), A.R. Cr. P."
(Order on Return to Remand.) The circuit court attached a transcript of the guilty plea proceedings to its return to remand. The transcript of the guilty plea proceedings indicates that the first-degree robbery charge was amended by agreement to second-degree robbery and that the appellant agreed that another person was involved in the robbery. However, the transcript *894 does not indicate that the trial court specifically amended the indictment to include the allegation that the appellant was aided by another person who was actually present.
The Alabama Supreme Court has
"specifically required an indictment to be amended, whether formally or informally, by adding any facts necessary to bring the lesser charge within the scope of the indictment. Not only must the record support such a charge, but also more is required  the affirmative act of adding to the indictment a fact supporting the charge."
Wright v. State, 902 So.2d 738, 741 (Ala. 2004) (emphasis added). See also Toliver v. State, 881 So.2d 1070 (Ala.Crim.App. 2003).
"It is apparent from the record that the amendment referred to [during the guilty plea proceedings] was the amendment from first-degree robbery to second-degree robbery, not an amendment to add to the indictment charging first-degree robbery the fact that Toliver had been aided in the robbery by another person."
Toliver, 881 So.2d at 1077. Because the indictment in this case was not amended to add the fact that the appellant was aided by another person who was actually present, the trial court did not have jurisdiction to accept his guilty plea to second-degree robbery. Therefore, we reverse the circuit court's judgment and remand this case for the circuit court to set aside the appellant's conviction and sentence for second-degree robbery. We note that
"the indictment[] . . . for first-degree robbery remain[s] valid. The State may still try [the appellant] on th[at] charge[], or it may attempt to reindict [him] for another offense justified by the facts. As we explained in [Ex parte] Cole[, 842 So.2d 605, 609 (Ala.2002)], a conviction that has been held void does not raise double-jeopardy concerns, because jeopardy attaches only when the court obtains jurisdiction. Cole, 842 So.2d at 609."
Wright, 902 So.2d at 742.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and SHAW, JJ., concur; WISE, J., concurs specially, with opinion.
WISE, Judge, concurring specially.
I reluctantly concur with the main opinion's conclusion that "[b]ecause the indictment in this case was not amended to add the fact that the appellant was aided by another person who was actually present, the trial court did not have jurisdiction to accept his guilty plea to second-degree robbery." 962 So.2d at 894. When evaluating a circuit court's ruling on a postconviction petition this Court applies an abuse-of-discretion standard. "`If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition.'" DeBruce v. State, 890 So.2d 1068, 1075 (Ala.Crim.App.2003) (quoting Reed v. State, 748 So.2d 231, 233 (Ala.Crim.App. 1999)).
Normally, in a postconviction proceeding such as this, this Court accords great deference to the trial court's factual findings. Our deference is premised on the fact that in most instances the judge reviewing the merits of a petitioner's postconviction claims is the same judge who presided over the petitioner's original trial or who accepted the petitioner's guilty plea. An examination of the record in this case indicates that Judge Donald Stewart accepted Cobb's guilty plea and sentenced him in accordance with that plea. However, the judge who reviewed the merits of Cobb's Rule 32, Ala.R.Crim.P., petition  Judge Shaun Malone  was not the same judge *895 who accepted Cobb's guilty plea. Accordingly, Judge Malone's knowledge of the guilty-plea proceedings is based on his review of the transcript of the plea colloquy  as is this Court's. Although it appears to have been the intent of the parties to amend the indictment  with Cobb's express consent  there is no evidence indicating that the trial court specifically amended the indictment to include the allegation that Cobb was aided in the robbery by another person who was actually present. Thus, based on the holdings in Ex parte Cole, 842 So.2d 605 (Ala.2002), Childers v. State, 899 So.2d 1025 (Ala. 2004), and Wright v. State, 902 So.2d 738 (Ala.2004), this Court is left with no option but to grant Cobb's petition for relief.
However, I write to urge the Supreme Court to revisit its holdings in the aforementioned cases. I further write to express my agreement with the dissents authored by Justice See and Justice Stuart in Childers v. State and Wright v. State; their dissents conclude that no formal factual amendment of the indictment should be necessary in cases where the record contains clear evidence establishing the lesser-included offense of second-degree robbery.
Here, where the record supports the lesser-included offense, the requirement of the affirmative act of adding a fact to the indictment elevates form over substance and is nonsensical. Nonetheless, because this Court is bound by the decisions of the Alabama Supreme Court, see § 12-3-16, Ala.Code 1975, and "is without authority to overrule the decisions of [that] court," Ex parte Jones, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972), we have no choice but to follow the holding of the majority in Ex parte Cole, Childers v. State, and Wright v. State, and to grant Cobb the relief sought in his Rule 32 petition.

On Application for Rehearing
BASCHAB, Judge.
The appellant, Carlous Cobb, was indicted for first-degree robbery. On April 9, 2001, pursuant to a negotiated agreement, he pled guilty to second-degree robbery. The trial court sentenced him, as a habitual offender, to serve a term of life in prison. See § 13A-5-9(c), Ala.Code 1975. He did not appeal his conviction. On May 6, 2005, the appellant filed a Rule 32 petition, challenging his conviction. Without requiring a response from the State, the circuit court summarily denied the petition, and the appellant appealed the denial to this court.
In his brief to this court, the appellant argued that the trial court did not have jurisdiction to render a judgment and impose a sentence in his case. Specifically, he contended that the trial court did not have jurisdiction to accept his guilty plea for the offense of second-degree robbery because the indictment did not allege that he was aided by another person who was actually present and because the indictment was not properly amended to allege that he was aided by another person who was actually present. On March 24, 2006, we remanded this case to the circuit court with instructions that that court make specific, written findings as to whether the indictment against the appellant was amended to add the allegation that another person aided him in the robbery. See Cobb v. State, 962 So.2d 891 (Ala.Crim. App.2006). In our opinion on return to remand, we explained:
"The transcript of the guilty plea proceedings indicates that the first-degree robbery charge was amended by agreement to second-degree robbery and that the appellant agreed that another person was involved in the robbery. However, the transcript does not indicate *896 that the trial court specifically amended the indictment to include the allegation that the appellant was aided by another person who was actually present."
Cobb v. State, 962 So.2d 891, 893-94 (Ala. Crim.App.2006) (opinion on return to remand). Relying on Ex parte Cole, 842 So.2d 605 (Ala.2002), we concluded:
"Because the indictment in this case was not amended to add the fact that the appellant was aided by another person who was actually present, the trial court did not have jurisdiction to accept his guilty plea to second-degree robbery. Therefore, we reverse the circuit court's judgment and remand this case for the circuit court to set aside the appellant's conviction and sentence for second-degree robbery."
962 So.2d at 894.
The State has filed an application for a rehearing in which it argues that our decision on return to remand is in direct conflict with the Alabama Supreme Court's opinion in Ex parte Seymour, 946 So.2d 536 (Ala.2006). For the reasons set forth in Taylor v. State, 953 So.2d 429 (Ala. Crim.App.2006), we agree.
In Taylor, we analyzed the effect of Ex parte Seymour on Ex parte Cole as follows:
"Until recently, a trial court lacked subject-matter jurisdiction to adjudicate a defendant guilty of a lesser-included offense based on an amended indictment if the original indictment charging the offense omitted an element of the lesser-included offense. Ex parte Cole, 842 So.2d 605 (Ala.2002). However, on June 30, 2006, the Alabama Supreme Court decided the matter of Ex parte Seymour, 946 So.2d 536 (Ala.2006). In Seymour, the Supreme Court overruled Ex parte Lewis, 811 So.2d 485 (Ala.2001), Ash v. State, 843 So.2d 213 (Ala.2002), `and other Alabama cases [that] have held to the contrary.' Seymour, 946 So.2d at 539. In doing so, the Court opined:
"`The validity of Seymour's indictment is irrelevant to whether the circuit court had jurisdiction over the subject matter of this case. A defect in an indictment may be error, see Rule 15.2(d), Ala. R.Crim. P.  or even constitutional error, see Ala. Const., Art. I, § 8  but the defect does not divest the circuit court of the power to try the case. A defendant who challenges a defective indictment is thus subject to the same preclusive bars as one who challenges any other nonjurisdictional error, such as illegal seizure or a violation of the Confrontation Clause.'
"946 So.2d at 539. Although the Supreme Court did not specifically list Ex parte Cole, supra, as one of the cases it was overruling in Seymour, it also overruled `other Alabama cases [that] have held to the contrary.' 946 So.2d at 539. Therefore, we read Seymour to overrule Ex parte Cole.

"Taylor's sole argument on appeal is that the indictment is defective for failing to include an element of the lesser-included offense to which he pleaded guilty. He further argues that the defect divests the trial court of subject-matter jurisdiction. However, the Supreme Court held in Ex parte Seymour `that a circuit court has subject-matter jurisdiction over a felony prosecution, even if that prosecution is based on a defective indictment.' 946 So.2d at 539. Taylor is therefore not entitled to any relief."
953 So.2d at 430-31 (footnote omitted).
In light of the Alabama Supreme Court's decision in Ex parte Seymour, which was released on the same day we released our opinion on return to remand in this case, *897 and this court's decision in Taylor, we conclude that the trial court did have jurisdiction to accept the appellant's guilty plea to second-degree robbery. Accordingly, we grant the State's application for a rehearing and affirm the circuit court's judgment denying the appellant's Rule 32 petition.
APPLICATION FOR REHEARING GRANTED; AFFIRMED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.