977 So.2d 531 (2007)
Lee Curtis UNDERWOOD
v.
STATE of Alabama.
No. CR-05-2149.
Court of Criminal Appeals of Alabama.
March 2, 2007.
Rehearing Denied April 20, 2007.
Certiorari Denied June 15, 2007.
Robert H. Turner, Marion, for appellant.
Troy King, atty. gen., and Robin Blevins Scales, asst. atty. gen., for appellee.
Alabama Supreme Court 1061119.
PER CURIAM.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
McMILLAN and WISE, JJ., concur.
BASCHAB, P.J., and WELCH, J., concur in the result.
SHAW, J., concurs in the result, with opinion.
SHAW, Judge, concurring in the result.
I agree with the majority's holding in its unpublished memorandum that Lee Curtis Underwood's argument  that the trial court lacked jurisdiction to accept his guilty pleas to second-degree rape because, he says, second-degree rape is not a lesser-included offense of first-degree rape as charged in his indictment  was not properly preserved for review and is, therefore, not properly before this Court. Under Ex parte Seymour, 946 So.2d 536 (Ala.2006); Herren v. State, 969 So.2d 926 (Ala.Crim.App.2006) (opinion on return to remand); Cobb v. State, 962 So.2d 891, 895 (Ala.Crim.App.2006) (opinion on application for rehearing); and Taylor v. State, 953 So.2d 429 (Ala.Crim.App.2006), Underwood's argument does not implicate jurisdiction. However, I must point out that the majority's holding that the issue presented by Underwood is not a jurisdictional issue, although in line with Seymour and its progeny, conflicts with this Court's recent opinion in Williams v. State, 961 So.2d 929 (Ala.Crim.App.2006),[1] in which four judges on this Court (I dissented) held that pleading guilty to an offense not included in the indictment is a jurisdictional *532 defect.[2]Williams, I believe, is in direct conflict with Seymour, Herren, Cobb, and Taylor, and I believe this Court should take the opportunity in this case to overrule Williams before it creates more confusion in this already confusing area of the law.[3]
I also agree with the majority's alternative holding that second-degree rape is a lesser-included offense of first-degree rape. The majority is correct that "in determining whether one offense is included in another, the trend of recent Alabama decisions is to focus on the statutory elements of the offenses and the factual allegations actually included in the indictment, rather than on the evidence or factual basis the State presents at trial or during the guilty-plea colloquy." Johnson v. State, 922 So.2d 137, 141 (Ala.Crim.App. 2005). See also Ex parte Cole, 842 So.2d 605 (Ala.2002); Moss v. State, 929 So.2d 486 (Ala.Crim.App.2005); Bradley v. State, 925 So.2d 221 (Ala.Crim.App.2004); Wright v. State, 902 So.2d 720 (Ala.Crim. App.), aff'd, 902 So.2d 738 (Ala.2004); Childers v. State, 899 So.2d 1023 (Ala. Crim.App.2003), writ quashed, 899 So.2d 1025 (Ala.2004); and Toliver v. State, 881 So.2d 1070 (Ala.Crim.App.2003). Although this trend emanates from Cole, and I agree with this Court's previous holdings in Herren, Cobb, and Taylor that Cole was overruled by Seymour, I believe that Seymour overruled Cole only insofar as Cole held that a claim by a criminal defendant that he or she pleaded guilty to a crime not included in the indictment is a jurisdictional claim; Seymour did not, in my view, overrule the analysis established in Cole for determining whether one offense is included in another.[4]
That being said, I question why the Supreme Court in Cole did not mention § 13A-1-9, Ala.Code 1975, during its analysis. In holding in Cole that second-degree robbery was not a lesser-included offense of first-degree robbery as charged in Cole's indictment because all the essential elements of second-degree robbery were not included in the indictment charging first-degree robbery  i.e., that Cole had been aided in the robbery by another person  the Alabama Supreme Court, although not specifically mentioning that statute, apparently relied on § 13A-1-9(a)(1), Ala.Code 1975, which provides, in pertinent part, that "[a]n offense is an included one if . . . [i]t is established by proof of the same or fewer than all the facts required to establish the commission *533 of the offense charged." However, § 13A-1-9(a)(3), Ala.Code 1975, provides, in pertinent part, that "[a]n offense is an included one if . . . [i]t is specifically designated by statute as a lesser degree of the offense charged." Under § 13A-1-9(a)(3) second-degree robbery is, as a matter of law, a lesser-included offense of first-degree robbery, regardless of the facts alleged in the indictment, because second-degree robbery is specifically designated by statute as a lesser degree of first-degree robbery.
By the same token, under § 13A-1-9(a)(3) second-degree rape is, as a matter of law, a lesser-included offense of first-degree rape, regardless of the facts alleged in the indictment, because second-degree rape is specifically designated by statute as a lesser degree of first-degree rape. Therefore, I agree with the majority that, even if Underwood's argument was properly before this Court, it is meritless because second-degree rape is a lesser-included offense of first-degree rape.
For these reasons, I concur in the result.
NOTES
[1] I note that although Williams was issued the same day as Herren, the majority relied solely on a case that predated Seymour, without any mention or discussion of Seymour, Herren, Cobb, or Taylor.
[2] The majority's attempt in this case to distinguish Williams is unpersuasive to me. Regardless of the offenses involved, the issue presented in Williams is the same as the issue presented in this case: whether a trial court lacks subject-matter jurisdiction to accept a guilty plea to an offense the defendant claims is not a lesser-included offense' of the offense charged. Although in this case the issue lacks merit while in Williams the issue was meritorious, the merit, or lack thereof, of an issue does not affect its nature, i.e., whether it impacts the subject-matter jurisdiction of the trial court.
[3] I note that the State did not seek a rehearing in Williams; the certificate of judgment was issued in that case on January 8, 2007.
[4] Although I agree with the majority that Ex parte Washington, 571 So.2d 1062 (Ala. 1990), in which the Alabama Supreme Court held that, based on the evidence that would have been presented by the State if the case had gone to trial, second-degree rape was a lesser-included offense of first-degree rape, has not been expressly overruled by the Supreme Court, it has been implicitly overruled by Cole and its progeny, and this Court has previously recognized that overruling. See, e.g., Childers v. State, 899 So.2d 1025 (Ala.2004) (in which four Justices on the Supreme Court questioned the continuing validity of Washington in light of Cole), and Bradley, supra, (in which this Court recognized that Childers was consistent with this Court's interpretation of Cole).