On February 25, 2005, Jammy Bell filed a postconviction petition pursuant to Rule 32, Ala. R.Crim. P., challenging the validity of his conviction for second-degree receipt of stolen property and his sentence of 25 years in prison. After a hearing, the circuit court denied his petition.
Bell appealed the circuit court's denial of his petition to the Court of Criminal Appeals. Before that court, Bell argued, among other issues, that the circuit court erred in denying his claim that the State had failed to prove venue and that, therefore, the trial court did not have jurisdiction to enter the judgment arid to impose the sentence. The Court of Criminal Appeals, in an unpublished memorandum, held that the claim was nonjurisdictional and precluded because Bell could have raised it at trial or on appeal, but did not. See Rule 32.2(a)(3) and (5), Ala. R.Crim. P. Bell v. State (No. CR-05-2319, February 23, 2007), ___ So.2d ___ (Ala.Crim.App. 2007) (table).
Bell petitioned this Court for a writ of certiorari. In his petition, he alleged that the holding of the Court of Criminal Appeals that his claim that the State had failed to prove venue was nonjurisdictional conflicted with this Court's statement inIvey v. State, 821 So.2d 937, 950 (Ala. 2001), that "proof of venue is jurisdictional." We granted the writ to clarify whether an issue of venue in a criminal case is jurisdictional.
This Court in Ex parte Culbreth, 966 So.2d 910
(Ala. 2006), addressed the difference between a jurisdictional requirement and a venue limitation, stating:
 "`Jurisdiction is "[a] court's power to decide a case or issue a decree." . . . In deciding whether [a petitioner's] claim properly challenges the trial court's subject-matter jurisdiction, we ask only whether the trial court had the [requisite] constitutional and statutory authority. . . .' Ex parte Seymour, 946 So.2d 536 (Ala. 2006). Venue, in contrast, addresses `[t]he county or other territory over which a trial court has jurisdiction.' Black's Law Dictionary 1591 (8th ed. 2004). . . .
 "Venue can be waived, and any objection to improper venue is waived if not timely raised."
966 So.2d at 911-912.
In Ex parte Seymour, 946 So.2d 536 (Ala. 2006), we recognized the subject-matter jurisdiction of the circuit court, stating:
 "Under the Alabama Constitution, a circuit court `shall exercise general jurisdiction in all cases except as may be otherwise provided by law.' Amend. No. 328, § 6.04(b), Ala. Const. 1901. The Alabama Code provides that `[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions. . . .' § 12-11-30, Ala. Code 1975."
946 So.2d at 538.
Bell was convicted of the offense of second-degree receiving stolen property, a Class C felony. See § 13A-8-18(b), Ala. Code 1975. Thus, the circuit court had subject-matter jurisdiction over Bell's trial.
Venue, on the other hand, does not impact a circuit court's subject-matter jurisdiction; it limits the territory in which the case can be tried. Section 15-2-2, Ala. Code 1975, provides: "Unless otherwise provided by law, the venue of all public offenses is in the county in which the offense was committed." Thus, § 15-2-2 *Page 35 
identifies in which trial court a case can be prosecuted, but it does not limit the jurisdiction of the trial court. This Court recognizes that there are cases, including Ivey v.State, supra, that state that "proof of venue is jurisdictional"; however, our holdings in Ex parteSeymour and Ex parte Culbreth implicitly overruled those decisions insofar as their statements regarding the jurisdictional nature of venue are concerned.
Bell's claim that the State did not prove venue is a claim addressing whether the State's evidence satisfied § 15-2-2, Ala. Code 1975, i.e., whether the State proved that the offense Bell is accused of committing occurred in Washington County so that venue is appropriate there; it is not a claim that impacts the trial court's jurisdiction. Therefore, the Court of Criminal Appeals properly concluded that Bell's claim was nonjurisdictional. Additionally, because a challenge to venue is waivable, see Ex parte Watts, 435 So.2d 135, 137
(Ala. 1983), and Sciscoe v. State, 606 So.2d 202
(Ala.Crim.App. 1992), the Court of Criminal Appeals' application of the procedural bars that the claim "could have been but was not raised at trial," see Rule 32.2(3), Ala. R.Crim. P., and that the claim "could have been but was not raised on appeal," see Rule 32.2(5), Ala. R.Crim. P., was proper.
The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
SEE, WOODALL, BOLIN, PARKER, and MURDOCK, JJ., concur.
LYONS and SMITH, JJ., concur in the result.
COBB, C.J., recuses herself.