BURKE, Judge.
The State of Alabama appeals the trial court’s pretrial dismissal of the charges against Elston Howard Turner charging him with using his official position or office for personal gain, a violation of § 36-25-5, Ala.Code 1975. We reverse and remand.
Turner was the women’s basketball coach at Bishop State Community College (“Bishop State”). In addition to his duties as the women’s basketball coach, Turner was also a project administrator for the National Youth Sports Program. That program was administered by the National Youth Sports Corporation, a nonprofit corporation that received grants for the purpose of operating summer sports camps for disadvantaged youth at various locations throughout the United States, one of which was Bishop State.
In April 2009, the grand jury returned two indictments against Turner. Count I of each indictment charged Turner with theft of property in the first degree. Count II of each indictment charged Turner with an ethics violation under § 36-25-5(a), Ala. Code 1975. Specifically, count II of one of the indictments alleged that Turner
“[d]id while employed as an instructor and/or basketball coach at Bishop State Community College, intentionally use or cause to be used his official position or *878 office for personal gain for himself and/or a family member in that he caused to be submitted documents enabling financial aid and/or tuition credits and/or checks and/or lawful United States currency to be awarded to Yolanda J. Johnson a.k.a. Yolanda Denise Smoots Johnson Turner, his wife, between the years 2002 through 2006 when she was not eligible to receive such funds or benefits or aid and as such Yolanda J. Johnson a.k.a. Yolanda Denise Smoots Johnson Turner did unlawfully receive such funds and/or benefits and/or aid from Bishop State Community College, in violation of § 36-25-5(a) of the Code of Alabama.”
(C. 18.) Count II of the other indictment alleged that Turner
“[d]id while employed as Project Administrator of the National Youth Sports Program at Bishop State Community College, intentionally use or cause to be used his official position or office for personal gain for himself and/or a family member in that he caused to be submitted documents enabling a salary to be paid to Yolanda J. Johnson a.k.a. Yolanda Denise Smoots Johnson Turner, his wife, between the years 2003 through 2005, falsely representing her to be an employee in the National Youth Sports Program when she was not due to receive such funds and as such Yolanda J. Johnson a.k.a. Yolanda Denise Smoots Johnson Turner was unlawfully paid a salary as an employee in the National Youth Sports Program from Bishop State Community College, in violation of § 36-25-5(a) of the Code of Alabama.”
(C. 19.)
On November 19, 2009, Turner filed a motion to dismiss the ethics charges. In that motion, Turner argued that § 36-25-5(a), Ala.Code 1975, is unconstitutionally vague and unconstitutional because, he said, “§ 36-25-5(a) does not require an element of intent prior to a criminal conviction.” (C. 42.) On April 14, 2010, the State responded to Turner’s motion to dismiss, arguing that § 36-25-5(a) was not unconstitutional. On April 15, 2010, the trial court conducted a hearing on Turner’s motion to dismiss. On December 28, 2010, in a lengthy order, the trial court dismissed the ethics charges against Turner, holding that § 36-25-5(a) was unconstitutionally vague because, according to the trial court, “the statute is not sufficiently definite or explicit to inform those who are possibly subject to it exactly what conduct will render them liable for a criminal act under the statute.” (C. 69.) The trial court also held that § 36-25-5(a) was unconstitutionally vague because, according to the trial court, “ § 36-25-5(a) does not require scienter prior to a criminal conviction (at least for a lesser included misdemeanor).” (C. 75.) The State appealed.
On appeal, the State contends that the trial court erred in holding that § 36-25-5(a) is unconstitutionally vague. As he did in the trial court, Turner contends that § 36-25-5(a) is unconstitutionally vague because, he says, the statute does not sufficiently inform ordinary people what conduct it prohibits and the statute gives law-enforcement officers virtually complete discretion in determining whether a person has violated it.
In considering whether a legislative act is unconstitutional, we are guided by the following principles:
“This Court ‘“should be very reluctant to hold any act unconstitutional.” ’ Ex parte D.W., 835 So.2d 186, 189 (Ala.2002) (quoting Ex parte Boyd, 796 So.2d 1092,1094 (Ala.2001)). ‘[I]n passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and in-tendment in favor of its validity, and *879 seek to sustain rather than strike down the enactment of a coordinate branch of the government.’ Alabama State Fed’n of Labor v. McAdory, 246 Ala. 1, 9, 18 So.2d 810, 815 (1944) (emphasis added). This is so, because ‘it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law.’ 246 Ala. at 9, 18 So.2d at 815 (emphasis added).”
McInnish v. Riley, 925 So.2d 174, 178 (Ala.2005).
Section 36-25-5(a), Ala.Code 1975, provides:
“No public official or public employee shall use or cause to be used his or her official position or office to obtain personal gain for himself or herself, or family member of the public employee or family member of the public official, or any business with which the person is associated unless the use and gain are otherwise specifically authorized by law. Personal gain is achieved when the public official, public employee, or a family member thereof receives, obtains, exerts control over, or otherwise converts to personal use the object constituting such personal gain.”
This Court has held:
“ ‘To withstand a challenge of vagueness, a statute must: 1) give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, and, 2) provide explicit standards to those who apply the laws. Grayned [v. City of Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 2298-99, 33 L.Ed.2d 222 (1972) ].
“ ‘ “[T]his prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness, for ‘[i]n most English words and phrases there lurk uncertainties.’ Robinson v. United States, 324 U.S. 282, 286, 65 S.Ct. 666, 668, 89 L.Ed. 944 (1945). Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid.”
“ ‘Rose v. Locke, 423 U.S. 48, 49-50, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975). “A defendant who challenges a statute on the ground of vagueness ‘must demonstrate that the statute under attack is vague as applied to his own conduct, regardless of the potentially vague applications to others.’ ” Serf v. State, 622 So.2d 435, 437 (Ala.Cr.App.1993), quoting Aiello v. City of Wilmington, 623 F.2d 845, 850 (3rd Cir.1980). (Emphasis supplied).’ ”
State v. Randall, 669 So.2d 223, 225-26 (Ala.Crim.App.1995) (quoting Culbreath v. State, 667 So.2d 156, 158-59 (Ala.Crim.App.1995)).
This Court has previously held that a former version of § 36-25-5(a), Ala.Code 1975, was not unconstitutionally vague.[1] Hunt v. State, 642 So.2d 999, 1026-29 (Ala.Crim.App.1993). Likewise, federal courts have held that the former version of § 36-25-5(a) was not unconstitutionally vague. Hunt v. Anderson, 794 F.Supp. 1557, 1564 (M.D.Ala.1992); Hunt v. Tucker, 875 F.Supp. 1487,1517-18 (N.D.Ala.1995).
*880 In the present case, Turner bases his specific vagueness argument on the language in § 36-25-5(a) that provides an exception for obtaining personal gain that is “specifically authorized by law" and on the possibility that the definition of the term “personal gain” might be unclear in some situations. On those bases, Turner argues that § 36-25-5(a) is unconstitutionally vague because, he says, it
“sweeps into its scope any number of otherwise legal acts or types of conduct which are thereby deemed illegal because they have never been specifically authorized by a specific act of the legislature. The scope of the statute is virtually limitless given its requirement that the legislature bless conduct in advance before that conduct is considered legal.”
(Turner’s brief, at 22.) Turner’s basic premise is that, if § 36-25-5(a) is constitutional, “almost any conduct which results in any benefit to any relative of a public employee can be deemed to be illegal simply because the Alabama legislature has not thought to specifically authorize that conduct.” (Turner’s brief, at 24-25.) Similarly, Turner states that, if § 36-25-5(a) is constitutional, “any number of offenses that are not specifically prohibited by statute (such as those Turner has been required to defend) will be rendered illegal simply because they are not specifically authorized or permitted by a specific act of the legislature.”[2] (Turner’s brief, at 16-17.)
Turner’s premise is simply incorrect, and his argument is without merit. Section 36-25-5(a) does not render actions illegal “simply because they are not specifically authorized or permitted by a specific act of the legislature.” Section 36-25-5(a) renders specific conduct illegal, i.e., a public official or public employee’s using his or her official position or office to obtain personal gain for himself or herself or a family member. Contrary to Turner’s apparent implication, the statute does not completely prohibit his wife from receiving personal gain through otherwise innocent acts that are not specifically authorized by law. See (Turner’s brief, at 22-23) (asserting that “[u]nder the State’s view of the statute, innocent acts (such as Turner’s wife receiving a scholarship for which she was eligible and her continuing to work for the [National Youth Sports Program] after her marriage to Turner) are made criminal in nature regardless of the fact that she may have earned the alleged benefits and in spite of the fact that Turner did not have sole decision making authority”). Instead, the statute prohibits Turner only from using or causing to be used his official position or office to obtain personal gain for his wife. The exception in the statute for personal gain that is “specifically authorized by law” does not render § 36-25-5(a) unconstitutionally vague. That provision simply gives notice that, if a public official or public employee uses his or her official position or office to obtain personal gain, that person will not be subject to prosecution under § 36-25-5(a) if there is a specific provision in the Alabama Code that authorizes that use and gain.
*881 Furthermore, the possibility that the definition of the term “personal gain” might be unclear in some situations does not render § 36-25-5(a) unconstitutionally vague in the present case. As applied to Turner’s alleged conduct, there is no doubt that the plain, ordinary meaning of the term “personal gain,” as found in § 36-25-5(a), would include direct financial gain through financial aid or a salary. See IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992) (“Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.”). Turner’s hypothetical situations involving possibly vague applications of the term “personal gain” to other person’s potential conduct are inapposite. “ ‘That a statute might be susceptible of misapplication does not necessarily result in its unconstitutionality.’ ” Hunt, 642 So.2d at 1028 (quoting Comer v. City of Mobile, 337 So.2d 742, 750 (Ala.1976)). Therefore, we conclude that, as applied to Turner’s alleged conduct, § 36-25-5(a), Ala.Code 1975, gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited.
Turner further argues that § 36-25-5(a) is unconstitutionally vague because, he says, it gives law-enforcement officers virtually complete discretion in determining whether a person has violated it. See Randall, supra; see also Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) (holding that “the void-for-vagueness doctrine requires that a penal statute define a criminal offense ... in a manner that does not encourage arbitrary and discriminatory enforcement”). However, Turner’s argument is without merit because § 36-25-5(a) objectively defines the conduct that is proscribed. Under § 36-25-5(a), if a public employee uses his official position to obtain financial gain for his wife, and if no other statute specifically authorizes the employee’s actions, the employee has violated the statute. That statute provides explicit standards to those who apply the laws, and nothing in the statute gives any discretion to law-enforcement officials. Therefore, the statute does not encourage arbitrary and discriminatory enforcement. Because § 36-25-5(a) gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited and does not encourage arbitrary and discriminatory enforcement, we hold that the statute is not unconstitutionally vague.
Finally, contrary to Turner’s assertion and the trial court’s holding, the penalty provisions that apply to § 36-25-5(a) do not render the statute unconstitutionally vague. Section 36-25-5 does not contain any penalty provisions, but § 36-25-27(a), Ala.Code 1975, provides, in relevant part:
“(1) Except as otherwise provided, any person subject to this chapter who intentionally violates any provision of this chapter other than those for which a separate penalty is provided for in this section shall, upon conviction, be guilty of a Class. B felony.
“(2) Any person subject to this chapter who violates any provision of this chapter other than those for which a separate penalty is provided for in this section shall, upon conviction, be guilty of a Class A misdemeanor.”
As he did in the trial court, Turner argues that “§ 36-25-5(a), when read in pari materia with § 36-25-27(a)(2), is unconstitutionally vague because it does not require a culpable mental state prior to a conviction for a lesser included misdemeanor.” (Turner’s brief, at 34.) However, that argument is without merit because *882 “the absence of an express statement in [a statute] as to the requisite mental state does not render that statute unconstitutionally vague.” Scott v. State, 917 So.2d 159, 173 (Ala.Crim.App.2005) (plurality opinion).
Section 13A-2-4(b), Ala.Code 1975, provides:
“Although no culpable mental state is expressly designated in a statute defining an offense, an appropriate culpable mental state may nevertheless be required for the commission of that offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such culpable mental state. A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, states a crime of mental culpability.”
Section 36-25-5(a) does not indicate any legislative intent to impose strict liability; thus the statute states a crime of mental culpability. Our criminal code recognizes four culpable mental states: (1) intentional, (2) knowing, (3) reckless, and (4) criminally negligent. § 13A-2-2, Ala. Code 1975. Section 36-25-5(a) does not exclude any of those mental states; thus, the offense of using an official position or office for personal gain may be committed intentionally, knowingly, recklessly, or as the result of criminal negligence. Contrary to Turner’s assertion, § 36-25-27(a) does not allow someone to be convicted of a misdemeanor without a showing of mental culpability. Instead, § 36-25-27(a)(l) simply increases the degree of the offense or its punishment based on a higher level of mental culpability, which is not unusual in the law.[3] To be convicted of a misdemeanor, the offense of using an official position or office for personal gain still must be committed knowingly, recklessly, or as the result of criminal negligence. Therefore, contrary to Turner’s argument, § 36-25-5(a), when construed with § 36-25-27(a)(2), does not state an offense that does not require a culpable mental state; thus, Turner’s argument does not provide any basis for finding that § 36-25-5(a) is unconstitutionally vague.
Furthermore, we note that the present situation is not a situation where the indictments failed to allege a culpable mental state. See Ex parte Seymour, 946 So.2d 536, 539 (Ala.2006) (holding that such a defect in the indictment “may be error, see Rule 15.2(d), Ala. R.Crim. P. — or even constitutional error, see Ala. Const., Art. I, § 8”). In the present case, the indictments specifically alleged that Turner “intentionally” used or caused to be used his official position or office to obtain personal gain for his wife.
Based on the foregoing, we hold that § 36-25-5(a), Ala.Code 1975, is not unconstitutionally vague. Therefore, we reverse the judgment of the trial court, and we remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WELCH, P.J., and WINDOM, KELLUM, and JOINER, JJ., concur.

. The former version of § 36-25-5(a), Ala. Code 1975, provided: “No public official or employee shall use an official position or office to obtain direct personal financial gain for himself, or his family, or any business with which he or a member of his family is associated unless such use and gain are specifically authorized by law.” Hunt, 642 So.2d at 1022-23.

. Turner states that, hypothetically, under § 36-25-5(a), "an all star high school football player would not be allowed to accept a scholarship at an institution where his father was a coach, because the father (a public employee) would be guilty of a criminal ethics violation” and "if a Judge has a daughter graduating with honors from law school and recommends her to another Judge for a clerkship, that Judge has committed an ethics violation because no statute specifically permits the daughter of one Judge to work for another, despite her qualifications, and despite the absence of evidence of any quid pro quo.” (Turner’s brief, at 23.)

. For example, Alabama’s criminal homicide statutes increase the degree of the offense or its punishment based on the level of mental culpability. Under § 13A-6-2, Ala.Code 1975, if a person, “with intent to cause the death of another person, ... causes the death of that person or another person,” the crime is murder, and it is a Class A felony. Under § 13A-6-3, Ala.Code 1975, if a person "recklessly causes the death of another person,” the crime is manslaughter, and it is a Class B felony. Under § 13A-6-4, Ala.Code 1975, if a person “causes the death of another person by criminal negligence,” the crime is criminally negligent homicide, and it is a Class A misdemeanor.