MURDOCK, Justice
(dissenting).
I am concerned that this Court is relying upon a handful of pre-1930 cases that are based on now outmoded notions about the jurisdiction of courts being dependent upon certain types of proof or on statutes that narrowly define the court’s contempt power. 90 So.3d at 149. Since Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006), this Court has been insistent that it is the “type of case” that determines a court’s jurisdiction, not the merits or “proof adduced.”
The probate court has subject-matter jurisdiction over involuntary-commitment cases. Of necessity, the probate court is the court with subject-matter jurisdiction to issue contempt citations in such cases. The question here appears to be simply whether the facts are sufficient to support the contempt citation entered by the probate court in this particular case. Did the probate court previously issue some order directed to AltaPointe Health Systems, Inc. (“AHS”), that AHS then violated? The issue presented is whether the probate court erred, or exceeded its discretion, not whether it had subject-matter jurisdiction.
Because I do not believe the probate court was without subject-matter jurisdiction, I respectfully dissent from the dismissal of this appeal.