MOORE, Chief Justice
(dissenting).
In 1981, George Blankenship pleaded guilty to first-degree robbery under the then newly enacted Alabama Criminal Code, which was effective January 1, 1980. He was sentenced to life imprisonment, and he did not appeal. He now seeks postconviction relief, arguing that the charged conduct occurred prior to January 1, 1980, and that, therefore, he pleaded guilty to a statutory offense that did not exist when he committed it. The trial court summarily dismissed his petition, and the Court of Criminal Appeals affirmed the dismissal in an unpublished memorandum.
Under the facts alleged in Blankenship’s petition for certiorari review, the circuit court did not have jurisdiction to convict and to sentence Blankenship under the Aabama Criminal Code because, he argues, the offense was committed before that Code took effect. Therefore, he argues, both the conviction and the sentence are nullities, and he is entitled to relief under Rule 32, Aa. R.Crim. P.[1] Therefore, I would grant the petition for the writ of certiorari to consider the merits of Blankenship’s claims.
The Court of Criminal Appeals construed Blankenship’s Rule 32 petition as a challenge to the validity of his indictment, which charged the elements of statutory robbery and not common-law robbery. Before 2006, errors in an indictment were considered to be jurisdictional defects that could be raised at any time. See, e.g., Ex parte Lewis, 811 So.2d 485, 487 (Ma.2001) (“Failure to allege an essential element of the charged offense is a jurisdictional defect, and the failure to raise the defect at trial or on direct appeal does not constitute a waiver.”). In 2006, however, this Court, in Ex parte Seymour, 946 So.2d 536 (Aa. 2006), reversed course and held that defects in an indictment do not implicate the jurisdiction of the court. “Under our holding in Seymour, a defect in a criminal indictment no longer deprives the trial court of jurisdiction, as it had under the common law, but instead is a nonjurisdic-tional error that may be waived.” Ex parte Jenkins, 992 So.2d 1248, 1250 (Ala.2007). This Court also noted in Ex parte Batey, 958 So.2d 339, 342 n. 2 (Ala.2006), that, “[i]n Seymour, we held that a defec *829 tive indictment does not deprive the trial court of jurisdiction to hear the case, and that, therefore, a claim that an indictment is defective is not exempt from the Rule 32 bar.”
Blankenship argues, however, that charging him under the law that was not yet in effect when the offense was committed was not a mere error in the indictment but, instead, was a transgression of an express legislative limit on the circuit court’s power. The temporal applicability section of the Alabama Criminal Code provides: “The provisions of this title do not apply to or govern the construction of and punishment for any offense committed pri- or to 12:01 A.M. January 1, 1980.... Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof....” § 13A-l-7(c), Ala.Code 1975 (emphasis added).
This Court in Seymour stated:
“Subject-matter jurisdiction concerns a court’s power to decide certain types of cases.... That power is derived from the Alabama Constitution and the Alabama Code....
“Under the Alabama Constitution, a circuit court ‘shall exercise general jurisdiction in all cases except as may be otherwise provided by law.’ Amend. No. 328, § 6.04(b), Ala. Const.1901.”
946 So.2d at 538 (final emphasis added). Section 13A-l-7(c) is just such a specific legislative exception to the jurisdiction of the circuit court. See Smith v. State, 446 So.2d 68, 72 (Ala.Crim.App.1984) (noting that in an earlier ease “the actual offense occurred prior to [January 1, 1980,] and [the defendant] was therefore tried under the common law as required by the criminal code ” and citing Ala.Code 1975, § 13A-1-7(e) (emphasis added)).
If Blankenship is correct that the conduct for which he was punished occurred before January 1, 1980, the circuit court was without power to convict him and to sentence him under the Alabama Criminal Code. Therefore, I respectfully dissent from the denial of his petition for a writ of certiorari.

. A defendant convicted of a criminal offense may seek relief on the ground that the trial court "was without jurisdiction to render judgment or to impose sentence.” Rule 32.1(b), Ala. R.Crim. P. Failure to raise the issue of jurisdiction at trial or on appeal does not preclude relief. Rules 32.2(3) and (5), Ala. R.Crim. P.