JOINER, Judge,
concurring in the result.
I concur in the result. Although the main opinion correctly applies the current law, I share the concerns Judge Burke discusses in his special concurrence re *506 garding the reasoning of Ex parte Maxwell, 439 So.2d 715 (Ala.1983), which is dispositive of this case.
The Alabama Supreme Court’s statement in Ex parte Maxwell that “in a criminal prosecution for violation of a city ordinance the city must plead and prove the ordinance” is supported by a number of cases. See Ex parte Maxwell, 439 So.2d at 716 (citing cases). Its conclusion regarding preservation, however, is not so well supported; indeed, none of the cases cited in Ex parte Maxwell addressed the degree of specificity that is required for a defendant to preserve this issue for review. In Jacobs v. City of Prichard, 46 Ala.App. 497, 243 So.2d 769 (1971), and Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874 (1924), there is no discussion of preservation, and in Felder v. City of Huntsville, 42 Ala.App. 488, 168 So.2d 490 (1964), the Alabama Court of Appeals reversed the conviction even though the defendant had stipulated that the ordinances existed and that they could “be introduced in evidence in this case without further proof.” It appears that many of, if not all, the cases cited in Ex parte Maxwell rested on the premise that the failure to “plead and prove the ordinance” is a defect affecting the subject-matter jurisdiction of the circuit court. That premise, however, is no longer valid. See, e.g., Ex parte Seymour, 946 So.2d 536 (Ala.2006); see also Ex parte Bell, 978 So.2d 33, 34-35 (Ala.2007) (recognizing that cases holding that “proof of venue is jurisdictional” are. inconsistent with Ex parte Seymour and have therefore been overruled).
I agree with Judge Burke that a generalized objection that the prosecution has failed to make a prima facie case or that the evidence is insufficient should not preserve for appellate review the specific objection that the prosecution failed to plead and prove the ordinance the defendant is charged with violating. I likewise urge the Alabama Supreme Court to overrule Ex parte Maxwell to the extent it holds that a defendant is not required to specifically object to the failure of the city to plead and prove the ordinance in a criminal prosecution for violation of a city ordinance.