PER CURIAM.
The appellant challenges the trial court’s summary denial of his motion for postcon-viction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
The appellant originally received a split sentence in 1998. After completing the incarcerative portion of his term, he violated probation and a new sentence was imposed that was within the statutory maximum for his underlying offense. The appellant now claims that the original scoresheet that was prepared for sentencing in 1998 contained errors. Because the trial court prepared a new scoresheet when it sentenced the appellant upon revocation of probation, and because this new scoresheet did not contain the errors that allegedly existed in the original scoresheet, the appellant’s complaints are moot.
The appellant also attempts to attack the underlying 1998 conviction, although his claim is couched in terms of scoresheet error. This rule 3.850 motion is untimely as to the original 1998 conviction, and thus his claim will not be addressed. See Fla. R.Crim. P. 3.850.
The only remaining claim is that the trial court, upon revocation of probation, imposed an upward departure sentence without written justification. The trial court’s summary denial implies that it was operating under the mistaken impression that it was free to impose up to the statutory maximum pursuant to the Criminal Punishment Code. See § 921.002(l)(g), Fla. Stat. (2002). See also Hall v. State, 773 So.2d 99 (Fla. 1st DCA 2000), review granted 790 So.2d 1104 (Fla.2001). However, the appellant’s underlying offenses occurred before the enactment of the Criminal Punishment Code, therefore, the sentence that was imposed upon revocation of probation should have comported with the sentencing guidelines, and any variation therefrom should have been justified with written reasons. See Taylor v. State, 752 So.2d 85, 87 (Fla. 1st DCA 2000). See also McCloud v. State, 803 So.2d 821, 831 (Fla. 5th DCA 2001).
However, the appellant did not file a direct appeal of the sentence imposed upon violation of probation. Because this claim could have been raised on direct appeal, and the error does not render the appellant’s sentence illegal, it is not cognizable *182 in a postconviction motion under either rule 3.800, or rule 3.850. See Davis v. State, 661 So.2d 1193, 1197 (Fla.1995); Moore v. State, 768 So.2d 1140, 1141 (Fla. 1st DCA 2000). Accordingly, we affirm.
AFFIRMED.
MINER, BENTON and LEWIS, JJ., concur.