WELCH, Judge.
D.H. was charged with second-degree assault based on his allegedly helping another student, R.P., strike a school teacher, Melinda Rudisill, and causing her to suffer a physical injury. See, § 13A-6-21(a)(5), Ala.Code 1975. Although D.H. was 17 years old at the time of the offense, and, thus, not an adult,[1] D.H. bypassed the juvenile court system and was transferred to the adult division of the circuit court pursuant to § 12-15-34.1,[2] Ala.Code 1975. *1168 On June 5, 2008, following a bench trial, D.H. was adjudicated a youthful offender based on a charge of second-degree assault, a violation of § 13A-6-21, Ala.Code 1975. That same day, the trial court sentenced D.H. to a term of three years in prison and ordered him to pay $50 to the crime victims compensation fund. This appeal followed.[3]
On appeal, D.H. argues that his conviction is void because, he says, the adult division of the circuit court lacked jurisdiction to preside over his prosecution. Section 12-15-1(7), Ala.Code 1975, a part of the Juvenile Justice Act (formally §§ 12-15-1 through -176, Ala.Code 1975), defines the juvenile court as: “The juvenile division of ... the circuit court as established by this chapter.” As a general rule, the juvenile court has exclusive original jurisdiction over proceedings in which a child is accused of a delinquent act (an act designated as a crime). § 12-15-30(a), Ala.Code 1975. Nevertheless, “Section 12-15-34.1[, Ala.Code 1975,] automatically remove[s] from the jurisdiction of the juvenile court a juvenile age 16 or over who is alleged to have committed any one of certain enumerated serious offenses. See § 12-15-34.1(a)(l) through (6), Ala.Code 1975.” Anderson v. State, 729 So.2d 900, 902 (Ala.Crim.App.1998). The portion of § 12-15-34.1 relevant to this discussion provides:
“(a) Notwithstanding any other provision of law, any person who has attained the age of 16 years at the time of the conduct charged and who is charged with the commission of any act or conduct, which if committed by an adult would constitute any of the following, shall not be subject to the jurisdiction of juvenile court but shall be charged, arrested, and tried as an adult:
“(4) A felony which has as an element thereof the causing of death or serious physical injury.
“(5) A felony which has as an element thereof the use of a dangerous instrument against any person who is:
“i. A teacher, principal, or employee of the public education system of Alabama.
(Emphasis added.)
D.H. was charged as follows:
“The GRAND JURY of said County charge, that, before the finding of this indictment [D.H.] whose name is to the Grand Jury otherwise unknown than as stated, did, with the intent to cause physical injury to Melinda Rudisill, who is a Mobile County School Teacher, aid another participant in causing physical injury to Melinda Rudisill to-wit: by striking her in the head, in violation of § 13A-6-21 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
(CR. 6.) (Emphasis added.)
According to D.H., the charged conduct did not meet any criteria that triggers automatic removal to the adult division of the circuit court, and thus, that court did *1169 not have jurisdiction to preside over his case. Specifically, D.H. argues that,
“[i]n the instant case, although there is an allegation that the victim is a Mobile County school teacher, there is no allegation that there was use of a deadly weapon, or that serious physical injury occurred, or that there was a dangerous instrument used against a teacher.
“Because the charging indictment does not set forth any grounds that allow for the ‘automatic’ trial of a minor as an adult, the defendant should have been tried as a child in the Juvenile Court and the Circuit Court had no jurisdiction to try him as an adult.”
(D.H.’s brief, at pp. 7-8; emphasis added.)
We agree with D.H.[4] D.H.’s offense, as charged, does not meet any criteria under § 12-15-34.1(a), Ala.Code 1975, to automatically remove a child from the jurisdiction of the juvenile court. However, because D.H. did not preserve this issue in the circuit court for appellate review, the question becomes: Is the improper removal of a child from the jurisdiction of the juvenile court pursuant to § 12-15-34.1(a), Ala.Code 1975, a jurisdictional impediment subject to appellate review without regard to preservation? Ex parte Hargett, 772 So.2d 481, 482 (Ala. Crim.App.1999) (“ ‘Jurisdictional matters are of such magnitude that [appellate courts] take notice of them at any time and do so even ex mero motu.’ ” (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987))).
Arguably, D.H. should have objected to the automatic removal based on the face of the indictment, which does not justify a transfer, and upon which D.H. now relies to support his claim. Ex parte Seymour, 946 So.2d 536 (Ala.2006), requires that a claim resting on a challenge to an infirmity within the indictment be raised in the trial court in order to obtain appellate review. Seymour states: “The validity of Seymour’s indictment is irrelevant to whether the circuit court had jurisdiction over the subject matter of this case.” 946 So.2d at 539. However, for the reasons set forth below, the situation presented by these facts is distinguishable from Ex parte Seymour.
Although the “adult” division of the circuit court has concurrent subject-matter jurisdiction with the “juvenile” division of the circuit court because, together, these divisions form the circuit court as a whole, § 12-15-30(a), Ala.Code 1975, specifically states: “The juvenile court shall exercise exclusive original jurisdiction of proceedings in which a child is alleged to be delinquent .... ” (Emphasis added.) Thus, the improper application of the automatic removal provision, § 12-15-34.1, Ala.Code 1975, does not divest jurisdiction from the juvenile division of the circuit court and convey jurisdiction to the adult division of the circuit court. Thus, there is no consequence to D.H.’s failure to preserve this issue because this Court is required to notice jurisdictional defects. Nunn v. Baker, 518 So.2d 711 (Ala.1987).
“ ‘ “[I]f a court ha[s] no jurisdiction, its action is void.”’ Moore v. State, 596 So.2d 58, 54 (Ala.Crim.App.1991), quoting State v. Johns, 142 Ala. 61, 38 So. 755, 755 (1905), quoting in turn Church, Church On Habeas Corpus, § 245, n. 1. Because the trial court’s actions were void, there is no judgment to support an appeal. McKinney v. State, 549 So.2d 166,168 (Ala.Crim.App.1989).”
L.R.G. v. State, 996 So.2d 208, 210 (Ala.Crim.App.2008).
Accordingly, the adult division of the circuit court must set aside its judgment for lack of jurisdiction and transfer the *1170 case to the juvenile division of the circuit court where proceedings against D.H. may begin anew. This appeal is dismissed.
APPEAL DISMISSED.
WISE, P.J., and WINDOM and KELLUM, JJ., concur.

. The following terms are defined at § 12-15-1, Ala.Code 1975:
"Adult. An individual 19 years of age or older.” § 12-15-1(1), Ala.Code 1975.
"Child. An individual under the age of 18, or under 19 years of age and before the juvenile court for a matter arising before that individual’s 18th birthday.” § 12 — 15— 1(3), Ala. Code 1975.
"Minor. An individual who is under the age of 19 years and who is not a ‘child’ within the meaning of this chapter.” §12-15-1(18), Ala. Code 1975.

. Effective January 1, 2009, the statutes regarding juvenile proceedings, § 12-15-1 et *1168 seq., Ala.Code 1975, were amended. As part of the amendments, these statutes were renumbered as § 12-15-101 et seq. Because the instant offense occurred on May 18, 2007, we will use the pre-January 1, 2009, citations to the juvenile code. Substantive amendments effective January 1, 2009, are, for the same reason, not applicable here.

. On July 28, 2008, more than 30 days from sentencing, D.H. filed an untimely posttrial motion asserting that the trial court lacked jurisdiction to try him because D.H. did not meet the criteria set forth in 12-15-34.1 to be automatically tried as an adult.

. We note that the testimony at trial was that R.P. struck Rudisill with his fist.