WINDOM, Presiding Judge,
dissenting.
I agree with the majority that the circuit court did not have the authority under §§ 15-18-8(a) and 15-18-8(b), Ala.Code 1975, to split Enfinger’s 20-year sentence upon his conviction for sexual abuse of a child less than 12, see § 13A-6-69.1, Ala. Code 1975. I, however, disagree with the majority’s decision to reverse the circuit court’s judgment revoking Enfinger’s probation and to remand this cause with instructions for the circuit court to resen-tence Enfinger. Specifically, I believe that when the circuit court revoked Enfinger’s probation and imposed Enfinger’s original sentence, it removed the illegal split and rendered moot any error in the circuit court’s decision to split the sentence. Therefore, I respectfully dissent.
Initially, it is important to note that Enfinger’s sentence, as a habitual felon with two prior felonies, to 20 years in prison for the crime of sexual abuse of a child less than 12, see § ISA-6-69.1, Ala. Code 1975, a class B felony, was within the statutory range of punishment. See § 13A-5-9(b)(2), Ala.Code 1975 (“In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he or she must be punished ... [o]n conviction of a Class B felony, [to] imprisonment for life or [to] any term of not more than 99 years but not less than 15 years.”). Accordingly, Enfinger’s sentence of 20 years in prison was not illegal.
However, the manner in which Enfinger was to execute his sentence — a split sentence with time served followed by 3 years of probation — was illegal. Before trial, Enfinger pleaded guilty to sexual abuse of a child less than 12, a criminal sex offense against a child. Because Enfinger was convicted of a criminal sex offense against a child, the circuit court did not have the authority to impose a split sentence. See § 15-18-8(a), Ala.Code 1975 (authorizing a circuit court to split a defendant’s sentence “[w]hen [that] defendant is convicted of an offense, other than a criminal sex offense involving a child ...” (emphasis added)). Thus, the circuit court should not have split Enfinger’s 20-year sentence.
The circuit court’s order illegally splitting Enfinger’s sentence does not, however, render Enfinger’s 20-year sentence illegal. Instead, the circuit court’s order rendered illegal only the manner in which the lawful sentence was to be executed. See Berry v. State, 698 So.2d 225, 227 (Ala.Crim.App.1996) (recognizing that an underlying sentence may be valid although “the manner in which the trial court split the sentence” is illegal); Moore v. State, 871 So.2d 106, 108 (Ala.Crim.App.2003) (recognizing the difference between an illegal sentence, a sentence outside the statutory range of punishment, and the illegal execution of a sentence, an improper split of an otherwise legal sentence); Havis v. State, 710 So.2d 527 (Ala.Crim.App.1997) (same); Wood v. State, 602 So.2d 1195 (Ala.Crim.App.1992) (same).
Thus, Enfinger was originally given a legal sentence that was ordered to be executed in an illegal manner. The illegal manner in which Enfinger was to serve his sentence does not, however, require this Court to remand this cause for resentenc-ing because, on November 17, 2011, the circuit court revoked Enfinger’s probation and ordered Enfinger to serve his original 20-year sentence, thus removing the split. Cf. Morris v. State, 876 So.2d 1176, 1178 (Ala.Crim.App.2003) (recognizing that the remedy for an illegal split of a legal sentence is to “remand th[e] case to the circuit court with instructions [for] that court [to] set aside the split portion of the appellant’s sentence ” (emphasis added)); Simmons v. State, 879 So.2d 1218, 1222 (Ala. *541 Crim.App.2003) (same); Johnson v. State, 778 So.2d 252, 253 (Ala.Crim.App.2000) (“ ‘[A] probationer is not entitled to credit on his sentence for time served on probation.’ ”) (quoting Chapman v. State, 43 Ala.App. 693, 694, 199 So.2d 865, 866 (1967)). In other words, by revoking Enfinger’s probation and removing the illegal split, the circuit court remedied the illegality of the manner in which Enfinger was executing his sentence, and Enfinger is now properly executing a legal 20-year sentence.
Because the probationary period of En-finger’s illegal split sentence has been removed and he is now properly executing a legal 20-year sentence, the circuit court’s error in originally splitting his sentence and allowing him to execute a portion of his sentence on probation is moot. See Kenney v. State, 949 So.2d 192, 194 (Ala.Crim.App.2006) (holding that the circuit court’s imposition of an illegal probationary period was rendered moot when the appellant’s probation was revoked); Minshew v. State, 975 So.2d 395, 397-98 (Ala.Crim.App.2007) (holding that the circuit court’s imposition of an illegal probationary period was rendered moot by the fact that he was subsequently sentenced to life in prison without the possibility of parole); Bailey v. State, 355 Md. 287, 301, 734 A.2d 684, 692 (1999) (holding that an illegal term of probation will be rendered moot if the appellant’s probation is revoked); People v. Cortese, 79 A.D.3d 1281, 1284, 913 N.Y.S.2d 383 n. 1 (2010) (holding that the improper calculation of a probationary period was rendered moot when the appellant’s probation was revoked); Moore v. State, (No. M2003-00332-CCA-R3-PC, Feb. 17, 2004) n. 1 (Tenn.Crim.App.2004) (not selected for publication in the South Western Reporter) (holding that the appellant was not eligible to be sentenced to community corrections under Tennessee law because he was convicted of a crime of violence in which a weapon was used; however, “since the community corrections sentence has been revoked, ... this ... issue is moot”); cf. Stephens v. State, 823 So.2d 180, 181 (Fla.Dist.Ct.App.2002) (“The appellant now claims that the original scoresheet that was prepared for sentencing in 1998 contained errors. Because the trial court prepared a new scoresheet when it sentenced the appellant upon revocation of probation, and because this new scoresheet did not contain the errors that allegedly existed in the original scoresheet, the appellant’s complaints are moot.”); Madison v. State, 999 So.2d 561, 570 (Ala.Crim.App.2006) (holding that a death-row inmate’s challenge to the manner in which his sentence would be executed, i.e., electrocution, was rendered moot when the legislature changed the manner of execution to lethal injection because the death-row inmate was no longer sentenced to die by electrocution).
The majority asserts that this issue is not moot:
“Because the circuit court had no authority to split Enfinger’s sentence or to impose a term of probation, it likewise had no authority to conduct a probation-revocation hearing and revoke Enfinger’s probation under § 15-18-8(c), Ala. Code 1975, which provides, in part, that under the Split-Sentence Act the circuit court ‘may revoke or modify any condition of probation or may change the period of probation.’ Because the circuit court had no authority to impose a term of probation or to revoke probation, the circuit court’s order revoking Enfinger’s probation is void.”
123 So.3d at 538.1 disagree.
As the majority recognizes, this Court has “held that when the circuit court does not have the authority to split a sentence under the Split-Sentence Act, § 15-18-8, *542 Ala.Code 1975, ‘the manner in which the [circuit] court split the sentence is illegal[,]’ Austin v. State, 864 So.2d 1115, 1118 (Ala.Crim.App.2003), and ... ‘[m]atters concerning unauthorized sentences are jurisdictional.’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994).” 128 So.3d at 537. Further, it is well settled that a court can and should correct a jurisdictional error at any time. See Ex parte Peterson, 884 So.2d 924, 926 (Ala.Crim.App.2003) (“A court can notice a jurisdictional defect at any time and has a duty to correct the defect.”). Here, the circuit court corrected a jurisdictional defect — it removed the illegality in the manner in which Enfinger executes his sentence — and, because the defect was jurisdictional, the circuit court had the authority to do so. Id.
Further, if the circuit court’s probation-revocation order is, as the majority holds, void, then this Court must dismiss the appeal. It is well settled in this State that:
“ ‘A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.’ Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008).”
MPQ, Inc. v. Birmingham Realty Co., 78 So.3d 391, 394 (Ala.2011) (emphasis added). This Court must dismiss an appeal from a void judgment “[b]ecause [if] the trial court’s actions were void, there is no judgment to support an appeal.” D.H. v. State, 24 So.3d 1166, 1169 (Ala.Crim.App.2009). The majority, however, has not dismissed Enfinger’s appeal from the revocation of his probation. Instead, the majority holds that the circuit court’s order is void, reverses that judgment, and remands the cause for resentencing. However, the circuit court’s judgment is not, in my opinion, void. Rather, it was a valid order correcting a jurisdictional error in the manner in which Enfinger executes his sentence. Further, whether the order purported to rule on a probation-revocation proceeding, a postconviction proceeding pursuant to Rule 32, Ala. R.Crim. P., or a request to modify a sentence, the circuit court’s order corrected a jurisdictional defect; therefore, the circuit court had the authority and the duty to do so. See Peterson, 884 So.2d at 926. Cf. Ex parte Deramus, 882 So.2d 875 (Ala.2002) (holding that substance, as opposed to style, controls). Because the circuit court had the authority to correct and did correct the jurisdictional error in the execution of Enfinger’s sentence, that error is moot and does not entitle Enfinger to any relief.
The majority also states that this issue is not moot because the illegal manner in which Enfinger was allowed to execute his sentence may affect the voluntariness of Enfinger’s guilty plea, i.e., Enfinger could argue that he did not receive the sentence for which he bargained and pleaded guilty. Specifically, the majority rationalizes:
“To hold that the circuit court can remedy the imposition of an unauthorized split sentence by revoking a defendant’s probation, however, would prevent that defendant from being able to move to withdraw his guilty plea and thus would treat him differently than the defendants in Simmons[ v. State, 879 So.2d 1218 (Ala.Crim.App.2003),] and Morris[ v. State, 876 So.2d 1176 (Ala.Crim.App.2003),] were treated — i.e., after the circuit court conducts a resentencing, the defendant would not have the assistance of appointed counsel to move to withdraw his guilty plea under Rule 14.4(e), Ala. R.Crim. P.; instead, an indigent defendant would have to raise, pro se in a Rule 32 petition, the issue that *543 the defendant’s guilty plea was involuntary.”
123 So.3d at 538-39.
First, the voluntariness of Enfinger’s guilty plea is not a jurisdictional issue and is not, at this point, properly before this Court. See Fincher v. State, 837 So.2d 876 (Ala.Crim.App.2002) (holding that a challenge to the voluntariness of a guilty plea is not jurisdictional). Instead, the only issue before this Court is whether the manner in which Enfinger is currently executing his sentence is illegal, and, as detailed above, Enfinger is now properly executing a legal sentence.
Second, the record does not show that the manner in which Enfinger was to execute his sentence was part of his guilty plea. As the majority notes:
“[A]lthough the record indicates that Enfinger was convicted of sexual abuse of a child under 12 as the result of a ‘plea bargain’ (C. 8),[4] the record is unclear as to whether Enfinger’s sentence was part of the plea bargain. Thus, ‘it is impossible for this Court to determine whether resentencing [Enfinger] will affect the voluntariness of his plea.’ Austin [v. State,] 864 So.2d [1115,] 1118 [ (Ala.Crim.App.2003) ].”
123 So.3d 539. The desire to see that En-finger has counsel to raise a possible hypothetical issue that is collateral to the issue before this Court in this appeal is, in my opinion, insufficient to justify overlooking the fact that Enfinger is currently executing a legal 20-year sentence in a proper manner. In other words, whether or not Enfinger gets counsel to raise a possible, future claim that is unrelated to this appeal does not justify deciding the merits of a moot issue.
Finally, as the majority recognizes, En-finger can, if the split sentence was part of a plea bargain, challenge the voluntariness of his guilty plea in a postconviction petition pursuant to Rule 32, Ala. R.Crim. P. Further, Enfinger may, based on the procedural history of this case, be able to overcome the procedural bars contained in Rule 32.2, Ala. R.Crim. P. See Ex parte Ward, 46 So.3d 888, 897 (Ala.2007); Ex parte Pierce, 851 So.2d 606, 616 (Ala.2000). During Rule 32 proceedings, Enfinger may, if it is true, establish that the split portion of his sentence was part of his plea bargain; therefore, the illegality of the split rendered his plea involuntary. With another remedy available, this Court should not overlook the fact that the impropriety in the manner in which Enfinger was to execute his sentence is now moot.
Because the illegality in the execution of Enfinger’s sentence has been corrected, the issue upon which the majority reverses the circuit court’s judgment is moot. Accordingly, I respectfully dissent.

. I note that the record does not establish that Enfinger pleaded guilty as part of a plea bargain. Rather, the only indication that Enfinger pleaded guilty pursuant to a plea bargain is a statement made by Enfinger's counsel in a motion to reconsider the revocation of En-finger's probation.