2013 ND 61

**In the Interest of M.H.P., a Child.**

**State of North Dakota, Petitioner and Appellant**

v.

**M.H.P., Child, M.L.P., Mother, M.P., Father, Respondents**

**M.H.P., Child, Appellee.**

No. 20120340.

Supreme Court of North Dakota.

April 10, 2013.

Dawn Marie Deitz, Assistant State's Attorney, Bismarck, ND, for petitioner and appellant.

Thomas M. Tuntland, Mandan, ND, for respondents and appellee.

CROTHERS, Justice.

[¶ 1] The State of North Dakota appeals a juvenile court order adopting a judicial referee's findings of fact and order dismissing the State's petition alleging M.H.P. was a delinquent child. We dismiss in part and affirm in part.

I

[¶ 2] On August 3, 2011, the State filed a petition alleging M.H.P. was a delinquent child who committed gross sexual imposition in violation of N.D.C.C. § 12.1–20–03(1)(d), a class A felony if committed by an adult. The State alleged M.H.P., a fifteen-year-old male, engaged in sexual contact with E.B., born in 2002, by intentionally touching E.B.'s vaginal area through her clothing. The judicial referee found M.H.P. engaged in sexual contact with E.B., a child under the age of fifteen, and scheduled a dispositional hearing to determine whether M.H.P. needed treatment or rehabilitation as a delinquent child. A juvenile court order was entered on April 18, 2012, adopting the judicial referee's findings and order.

[¶ 3] The judicial referee conducted the dispositional hearing on May 31, 2012 and found M.H.P. was not in need of treatment or rehabilitation as a delinquent child. The judicial referee explained he previously found beyond a reasonable doubt that M.H.P. committed the delinquent act of gross sexual imposition and stated, "Although this fact alone would be sufficient to sustain a finding of a need for treatment and rehabilitation, there was a substantial amount of evidence to the contrary." Based on these findings, the judicial referee dismissed the petition. The juvenile court adopted the judicial referee's findings and order, dismissed the proceeding and concluded the issue of M.H.P. registering as a sexual offender did not need to be addressed.

II

[¶ 4] The State appealed to this Court under N.D.C.C. § 27–20–56(1), providing:

"An aggrieved party, including the state or a subdivision of the state, may appeal from a final order, judgment, or decree of the juvenile court to the supreme court by filing written notice of appeal within thirty days after entry of the order, judgment, or decree, or within any further time the supreme court grants, after entry of the order, judgment, or decree. The appeal must be heard by the supreme court upon the files, records, and minutes or transcript of the evidence of the juvenile court, giving appreciable weight to the findings of the juvenile court."

[¶ 5] M.H.P. argues the State's appeal is barred by the Double Jeopardy Clause of the Fifth Amendment and should be dismissed. "Double jeopardy principles apply to juvenile court proceedings involving adjudication of delinquent acts." *Interest of B.F.*, 2009 ND 53, ¶ 6, 764 N.W.2d 170. "The State may not appeal from an acquittal in a criminal case." *Id.* "When an appellate or trial court 'concludes that evidence is legally insufficient to support a guilty verdict, it concludes that the prosecution has failed to produce sufficient evidence to prove its case. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars retrial in such a case.'" *Id.* (quotation omitted).

[¶ 6] The State raises two separate arguments on appeal. Double jeopardy principles affect each issue differently, and we analyze them separately. First, the State argues the juvenile court erred by finding M.H.P. was not in need of treatment or rehabilitation. Second, the State argues the juvenile court erred in dismissing the State's petition and in not requiring M.H.P. to register as a sexual offender.

A

[¶ 7] The State argues this Court can review the juvenile court's determination that M.H.P. was not in need of treatment or rehabilitation because the juvenile court found beyond a reasonable doubt that M.H.P. committed the delinquent act of gross sexual imposition. The State argues this case is distinguishable from *Interest of B.F.* because the juvenile court here already found sufficient evidence existed to prove the delinquent act and, therefore, M.H.P. need not be retried.

[¶ 8] This case's procedural posture differs from *Interest of B.F.* Whether we may review a juvenile dispositional finding appears to be a matter of first impression in North Dakota, and we find no guidance nationally. In *Interest of B.F.*, the issue was "whether double jeopardy principles bar the State from appealing after the juvenile court judge upon request for review sets aside a judicial referee's determination that a juvenile committed a delinquent act." 2009 ND 53, ¶ 7, 764 N.W.2d 170. The State argued the Double Jeopardy Clause did not bar the appeal because if the State prevailed, the judicial referee's decision could be reinstated without another trial. *Id.* We held, "Notwithstanding N.D.C.C. § 27–20–56(1) provides the State may appeal from a final order of the juvenile court, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars the State from appealing the juvenile court judge's order acquitting B.F. and rejecting the judicial referee's determination of guilt." *Interest of B.F.*, at ¶ 16.

[¶ 9] To determine whether double jeopardy is implicated, we first examine the underlying delinquency procedure. The State filed a juvenile petition alleging M.H.P. was a delinquent child. The State alleged M.H.P. committed the delinquent act of gross sexual imposition by engaging in sexual contact with a victim less than fifteen years old. A delinquent child is defined as "a child who has committed a

delinquent act *and* is in need of treatment or rehabilitation." N.D.C.C. § 27–20–02(7) (emphasis added). Thus, for M.H.P. to be found a delinquent child, the juvenile court must find that M.H.P. committed a delinquent act and that M.H.P. was in need of treatment or rehabilitation.

[¶ 10] A delinquent act is defined as a crime. N.D.C.C. § 27–20–02(6). The judicial referee found M.H.P. committed the delinquent act of gross sexual imposition and reserved the issue of whether M.H.P. was in need of treatment or rehabilitation for the dispositional hearing. The statute controlling this procedure provides:

"If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which the child is alleged to be delinquent or unruly, it shall proceed immediately or at a postponed hearing to hear evidence as to whether the child is in need of treatment or rehabilitation and to make and file its findings thereon."

N.D.C.C. § 27–20–29(2).

[¶ 11] Under the statute, a child is not delinquent for committing a delinquent act. *In re R.Y.*, 189 N.W.2d 644, 649 (N.D. 1971). In addition to finding the child committed a delinquent act, a separate finding is required that the child is in need of treatment or rehabilitation. N.D.C.C. § 27–20–29(2). "In the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony is sufficient to sustain a finding that the child is in need of treatment or rehabilitation." *Id.*

[¶ 12] At the dispositional hearing, M.H.P. introduced evidence from Dr. Shannon Weisz, M.H.P.'s parents, M.H.P.'s basketball coach and M.H.P.'s cousin's wife to establish M.H.P. did not require treatment or rehabilitation. The judicial referee noted that while the finding of the delinquent act alone would be sufficient to sustain a finding M.H.P. was in need of treatment or rehabilitation, "there was a substantial amount of evidence to the contrary." After noting the testimony from Dr. Weisz, who concluded M.H.P. did not need treatment and rehabilitation, and discussing M.H.P.'s strong relationship with his parents and siblings and M.H.P.'s strong academic performance, the judicial referee found M.H.P. was not in need of treatment or rehabilitation as a delinquent child and dismissed the State's petition.

[¶ 13] The State is appealing a factual finding and asking us to conclude M.H.P. is a delinquent child. However, M.H.P. cannot again be placed in risk of the loss of liberty. "Jeopardy denotes risk. In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution." *Breed v. Jones*, 421 U.S. 519, 528, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). The risk M.H.P. faces on appeal is being found a delinquent child; the consequences of which under N.D.C.C. § 27–20–31 include probation, placement in an institution or juvenile services, monetary restitution, periodic drug testing and suspension of driving privileges. "Because of its purpose and potential consequences, and the nature and resources of the State, such a [delinquency] proceeding imposes heavy pressures and burdens—psychological, physical, and financial—on a person charged. The purpose of the Double Jeopardy Clause is to require that he be subject to the experience only once 'for the same offense.'" *Breed*, at 529–30, 95 S.Ct. 1779 (quotation omitted). While M.H.P. is not at risk of criminal punishment, the double jeopardy clause applies to juvenile delinquency proceedings and prevents this Court from reaching a result contrary to the juvenile court. *Id.* at 530, 95 S.Ct. 1779.

[¶ 14] The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution bars the State from appealing the juvenile court's order finding M.H.P. was not in need of treatment or rehabilitation.

**B**

[¶ 15] The State next asks us to review whether the judicial referee erred by dismissing the State's petition instead of the proceeding and by not requiring M.H.P. to register as a sexual offender. The crux of both arguments is whether the determination that M.H.P. committed the delinquent act of gross sexual imposition required M.H.P. to register as a sexual offender.

[¶ 16] Registration as a sexual offender is a collateral consequence of a conviction. *In re L.T.*, 2011 ND 120, ¶ 21, 798 N.W.2d 657. Registration is a protection of a public interest, not an added punishment. *Id.* Double jeopardy "protects against successive prosecutions and punishments for the same criminal offense." *State v. Backlund*, 2003 ND 184, ¶ 40, 672 N.W.2d 431. Here, the State is not seeking to retry M.H.P. nor to again place him at risk of punishment. Double jeopardy does not bar our review of whether M.H.P. should have been required to register as a sexual offender. We therefore address the merits of the State's second issue.

**III**

[¶ 17] The State argues the judicial referee erred by dismissing the State's "petition" instead of the "proceeding." The State's argument rests on the language difference between subsections (1) and (2) of N.D.C.C. § 27–20–29. Subsection (1) states, "If the court finds that the child is not a deprived child or that the allegations of delinquency or unruly con-

duct have not been established, it shall *dismiss the petition* and order the child discharged from any detention or other restriction previously ordered in the proceeding." N.D.C.C. § 27–20–29(1) (emphasis added). Subsection (2) states, "If the court finds that the child is not in need of treatment or rehabilitation, it shall *dismiss the proceeding* and discharge the child from any detention or other restriction previously ordered." N.D.C.C. § 27–20–29(2) (emphasis added). The State argues that if the judicial referee dismissed the proceeding, which the State characterizes as only the dispositional hearing, the judicial referee still could have determined M.H.P. was required to register as a sexual offender.

[¶ 18] We disagree with the State's distinction between petition and proceeding. "In interpreting a statute, we look at the plain language of the statute and give each word its plain and ordinary meaning unless a contrary intention plainly appears." *In re T.H.*, 2012 ND 38, ¶ 22, 812 N.W.2d 373. "Statutes are construed as a whole and are harmonized to give meaning to related provisions." *In re D.J.*, 2011 ND 142, ¶ 10, 800 N.W.2d 333.

[¶ 19] Section 27–20–03(1), N.D.C.C., refers to "proceedings" in a broad sense:

"1. The juvenile court has exclusive original jurisdiction of the following proceedings, which are governed by this chapter:

a. Proceedings in which a child is alleged to be delinquent, unruly, or deprived;

b. Proceedings for the termination of parental rights except when a part of an adoption proceeding; and

c. Proceedings arising under sections 27–20–39 through 27–20–42."

The term proceedings is broader than the term petition. A proceeding refers not

only to an individual hearing before the court but also to the entire set of events surrounding a petition. Our interpretation is supported by the commentary to the Uniform Juvenile Court Act, which is the basis of our juvenile delinquency statutes. "Under this section, when delinquency or unruly conduct is alleged, the court must find further that the child is in need of treatment or rehabilitation before the dispositions authorized by the Act can be resorted to. *Otherwise the case must be dismissed.*" Model Juvenile Court Act (U.L.A.) § 29 cmt. (emphasis added).

[¶ 20] The judicial referee concluded M.H.P. was not in need of treatment or rehabilitation. Based on that finding, the judicial referee properly dismissed the proceeding, which included the State's petition. The issue of sexual registration was not and cannot be reached by the juvenile court because the proceeding was dismissed as required by N.D.C.C. § 27–20–29(2).

### IV

[¶ 21] The State's appeal of the juvenile court's findings is dismissed because it violates the double jeopardy clause, and we affirm the juvenile referee's order dismissing the State's petition.

[¶ 22] MARY MUEHLEN MARING, Acting C.J., CAROL RONNING KAPSNER, J., WILLIAM W. McLEES, D.J., HARLAN PATRICK WEIR, S.J., concur.

[¶ 23] The Honorable WILLIAM W. McLEES, D.J., and the Honorable H. PATRICK WEIR, S.J., sitting in place of SANDSTROM, J., and VANDE WALLE, C.J., disqualified.