WELCH, Judge.
T.B.P. appeals from his adjudication as a delinquent based on the offense of indecent exposure.
On December 29, 2014, a petition was filed in the juvenile court charging T.B.P. with delinquency based on the underlying offense of indecent exposure. A trial before a referee was conducted on July 23, 2015. The testimony at the hearing, though contested by T.B.P., was that T.B.P. exposed his genitals to his math teacher at his school during an after-school tutoring session. The trial ended with the referee pronouncing: "The charge is found true." (R. 50.) Also, on July 23, 2015, the referee entered a posttrial written order stating: "[C]harge found true. Disposition withheld. Case set for 7/30/15 @ 1:30 p.m." (C. 14.) On July 30, 2015, the referee entered his final order disposing of the case that stated: "Child is exempt from registering and notification. Case is closed."[1] (C. 15.) On August 10, 2015, T.B.P. filed a postjudgment written "motion to alter, amend or vacate," alleging that the charging instrument was void because it did not assert what T.B.P. contends was a necessary element of the offense-the element of the victim's lack of consent. (C. 19.) On August 14, 2015, the referee denied that motion. Also, on August 14, 2015, T.B.P. filed a motion for a rehearing. The case was assigned to a juvenile judge. On October 25, 2016, the juvenile court, having listened to the July 23, 2015, recording from the trial, affirmed the referee's finding of delinquency in a written order, stating: "The Judgment of Referee is hereby affirmed." (C. 35.) On November 7, 2016, T.B.P. filed a written "motion for acquittal or for a new trial." (C. 31.) In this motion T.B.P. alleged that the charging instrument did not charge the element of the victim's lack of consent; that T.B.P. "[w]as not found to be in need of services of rehabilitation, and therefore, the court should dismiss the proceedings," see § 12-15-215(a), Ala. Code 1975; and, the court failed to consider the lesser-included offense of public lewdness, § 13A-12-130, Ala. Code 1975. (C. 33.) T.B.P. filed notice of appeal on November 29, 2016. On December 7, 2016, the circuit court entered a written denial of the November 7, 2016, motion.
I.
At the conclusion of the State's case and again at the conclusion of the defense case, T.B.P. moved for a judgment of acquittal on the ground that T.B.P.'s charging instrument was void because it did not assert what T.B.P. contends was a necessary element of the offense-the element of the victim's lack of consent. The *635 State disputed the allegation and asserted that the claim should have been raised before the hearing started.
Section 13A-6-68, Ala. Code 1975, defines the crime of indecent exposure:
"A person commits the crime of indecent exposure if, with intent to arouse or gratify sexual desire of himself or of any person other than his spouse, he exposes his genitals under circumstances in which he knows his conduct is likely to cause affront or alarm in any public place or on the private premises of another or so near thereto to be seen from such private premises."
The charging instrument asserted:
"On or about 12/08/2014 in the Birmingham Division of Jefferson County, [T.B.P.] did, with intent to arouse or gratify sexual desire of: (x) himself; or (x) a person not his, to-wit: Ms. [J.M.] (teacher), expose his genitals under circumstances in which he knew his conduct was likely to cause affront or alarm: (x) in a public place, to-wit: classroom of Shades Valley High School Room 214, in violation of section 13A-006-068 of the Code of Alabama 1975."
(C. 6.)
Initially, we note that pursuant to Rule 12, Ala. R. Juv. P., delinquency proceedings are commenced by the filing of a complaint followed by, where appropriate, the filing of a petition, i.e., the charging instrument, in the juvenile court. See generally, State v. Thomas, 550 So.2d 1067, 1072 (Ala. 1989) ("The jurisdiction of the juvenile court would attach only after a petition had been properly filed with the intake officer, and the court had conducted a preliminary inquiry to determine whether the child was within the jurisdiction of the court." (footnote omitted)). However, in Ex parte Seymour, 946 So.2d 536 (Ala. 2006), the Alabama Supreme Court held that the validity of a formal charging instrument is irrelevant to a court's subject-matter jurisdiction:
"[ Seymour ] ... requires that a claim resting on a challenge to an infirmity within the indictment be raised in the trial court in order to obtain appellate review. Seymour, states: 'The validity of Seymour's indictment is irrelevant to whether the circuit court had jurisdiction over the subject matter of this case.' 946 So.2d at 539."
D.H. v. State, 24 So.3d 1166, 1169 (Ala. Crim. App. 2009).
" 'Under our holding in Seymour, a defect in a criminal indictment no longer deprives the trial court of jurisdiction, as it had under the common law, but instead is a nonjurisdictional error that may be waived.' Ex parte Jenkins, 992 So.2d 1248, 1250 (Ala. 2007)."
Gargis v. State, 998 So.2d 1092, 1099 (Ala. Crim. App. 2007). Although the charging instrument here is a juvenile petition, the rationale in Seymour applies because the juvenile court had statutory authority to try the offense. See § 12-15-114(a), Ala. Code 1975 ("A juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision."); Ex parte Seymour, 946 So.2d at 538 ("In deciding whether Seymour's claim properly challenges the trial court's subject-matter jurisdiction, we ask only whether the trial court had the constitutional and statutory authority to try the offense with which Seymour was charged and as to which he has filed his petition for certiorari review. ... [T]he State's prosecution of Seymour ... was within the circuit court's subject-matter jurisdiction, and a defect in the indictment could not divest the circuit court of its power to hear the case."); see also *636 Patton v. State, 964 So.2d 1247 (Ala. Crim. App. 2007) (noting that the holding in Ex parte Seymour applies to informations).
Therefore, T.B.P.'s challenge to the charging instrument is not a jurisdictional challenge and, thus, could be waived.
The Rules of Juvenile Procedure do not address defects in the commencement of the proceedings. If no procedure is specifically provided in the Alabama Rules of Juvenile Procedure or by statute, the Alabama Rules of Criminal Procedure shall be applicable to those matters that are considered criminal in nature. Rule 1, Ala. R. Juv. P. Rule 15.2(a), Ala. R. Crim. P., provides that "[o]bjections based on defects in the commencement of the proceeding or in the charge, other than lack of subject matter jurisdiction or failure to charge an offense, may be raised only by pretrial motions as provided in Rule 15.3." Pursuant to Rule 15.3(a)(1), Ala. R. Crim. P., a motion to dismiss an indictment must be filed "at or before arraignment or by such later date as may be set by the court" in circuit court or "at the time of or before entering a plea" in district court. T.B.P. did not raise this issue until after the State rested its case. Thus, because T.B.P. did not timely object, this issue was waived and, thus, is not properly before this Court for appellate review.
II.
T.B.P. contends that the juvenile court violated § 12-15-215(a), Ala. Code 1975, by "closing" his case instead of "dismissing" when the court did not determine that T.B.P. was in need of care or rehabilitation.
Section 12-15-215(a), Ala. Code 1975, states:
"If the juvenile court finds that the child is not in need of care or rehabilitation, it shall dismiss the proceedings and discharge the child from any detention or other temporary care theretofore ordered."
The record reflects that, after T.B.P.'s dispositional hearing, the referee found: "Child is exempt from registering and notification; Case is closed." (C. 15.) Thus, the referee's order clearly reflects that there was no finding that T.B.P. was in need of care or rehabilitation.
The State responded on appeal that this claim was waived for lack of preservation in the lower court. However, the referee's findings and recommendations became the final order of the juvenile court when ratified by the juvenile court judge on October 25, 2015. Following the order ratifying the referee's order, T.B.P. filed a postjudgment "motion for acquittal or new trial" in which he asserted that:
"Furthermore, the minor child was not found to be in need of services or rehabilitation, and therefore, the court should dismiss the proceedings. Ala. Code [1975,] § 12-15-215(a).... Under § 12-15-215(a), '(i)f the juvenile court finds that the child is not in need of care or rehabilitation, it shall dismiss the proceedings and discharge the child. ...' Id."
(C. 33.) This Court finds that T.B.P.'s challenge to the final disposition was timely raised at T.B.P.'s first opportunity-in his postjudgment motion.
This Court notes that the difference between "closing" a case and "dismissing" is one of semantics. To "close" a case is to bring it to an end in the sense that it is concluded. See Black's Law Dictionary 310 (10th ed. 2014). To "dismiss" a case is to terminate a case without further proceedings. See Black's Law Dictionary 569 (10th ed. 2014).
On appeal, T.B.P. asserts that there is no Alabama caselaw on this issue. T.B.P. cites as persuasive authority a case from *637 the Supreme Court of North Dakota- In re M.H.P., 830 N.W.2d 216, 220 (N.D. 2013). M.H.P. was charged with being a delinquent based on his alleged commission of a felony sexual offense. The judicial referee found the charge to be true. Nevertheless, at the dispositional hearing, the referee found that M.H.P. was not in need of treatment or rehabilitation as a delinquent child.
"Based on these findings, the judicial referee dismissed the petition. The juvenile court adopted the judicial referee's findings and order, dismissed the proceeding and concluded the issue of M.H.P. registering as a sexual offender did not need to be addressed."
In re M.H.P., 830 N.W.2d at 217.
The State appealed, arguing that the "juvenile court erred by finding M.H.P. was not in need of treatment or rehabilitation" and "the juvenile court erred in dismissing the State's petition and in not requiring M.H.P. to register as a sexual offender." In re M.H.P., 830 N.W.2d at 218. M.H.P. responded arguing that the double jeopardy clause barred review. The applicability of double-jeopardy principles was addressed by the appellate court. This Court finds the analysis of the M.H.P. Court applicable to T.B.P.'s appeal.
The relevant North Dakota statute is almost identical to § 12-15-215(a), Ala. Code 1975. Section 12-15-215(a) states:
"If the juvenile court finds on proof beyond a reasonable doubt, based upon competent, material, and relevant evidence, that a child committed the acts by reason of which the child is alleged to be delinquent or in need of supervision, it may proceed immediately to hear evidence as to whether the child is in need of care or rehabilitation and to file its findings thereon. In the absence of evidence to the contrary, a finding that the child has committed an act which constitutes a felony is sufficient to sustain a finding that the child is in need of care or rehabilitation. If the juvenile court finds that the child is not in need of care or rehabilitation, it shall dismiss the proceedings and discharge the child from any detention or other temporary care theretofore ordered...."
North Dakota's Uniform Juvenile Court Act includes the following:
"If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which the child is alleged to be delinquent or unruly, it shall proceed immediately or at a postponed hearing to hear evidence as to whether the child is in need of treatment or rehabilitation and to make and file its findings thereon. In the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony is sufficient to sustain a finding that the child is in need of treatment or rehabilitation. If the court finds that the child is not in need of treatment or rehabilitation, it shall dismiss the proceeding and discharge the child from any detention or other restriction previously ordered."
North Dakota Century Code Annotated ("N.D.C.C."), § 27-20-29(2) (2017).
M.H.P. stated:
"A delinquent child is defined as 'a child who has committed a delinquent act and is in need of treatment or rehabilitation.' N.D.C.C. § 27-20-02(7) (emphasis added). Thus, for M.H.P. to be found a delinquent child, the juvenile court must find that M.H.P. committed a delinquent act and that M.H.P. was in need of treatment or rehabilitation.
"... The judicial referee found M.H.P. committed the delinquent act of gross sexual imposition and reserved the issue of whether M.H.P. was in need of *638 treatment or rehabilitation for the dispositional hearing. The statute controlling this procedure provides:
" 'If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which the child is alleged to be delinquent or unruly, it shall proceed immediately or at a postponed hearing to hear evidence as to whether the child is in need of treatment or rehabilitation and to make and file its findings thereon.'
" N.D.C.C. § 27-20-29(2).
"Under the statute, a child is not delinquent for committing a delinquent act. In re R.Y., 189 N.W.2d 644, 649 (N.D. 1971). In addition to finding the child committed a delinquent act, a separate finding is required that the child is in need of treatment or rehabilitation. N.D.C.C. § 27-20-29(2). 'In the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony is sufficient to sustain a finding that the child is in need of treatment or rehabilitation.' Id."
In re M.H.P., 830 N.W.2d at 218-19. In M.H.P. evidence was presented at the dispositional hearing that persuaded the referee that M.H.P. did not need treatment or rehabilitation. Thus, M.H.P. was not found to be a delinquent child and the proceedings were dismissed. The M.H.P. court further stated:
"A proceeding refers not only to an individual hearing before the court but also to the entire set of events surrounding a petition. Our interpretation is supported by the commentary to the Uniform Juvenile Court Act, which is the basis of our juvenile delinquency statutes. 'Under this section, when delinquency or unruly conduct is alleged, the court must find further that the child is in need of treatment or rehabilitation before the dispositions authorized by the Act can be resorted to. Otherwise the case must be dismissed.' Model Juvenile Court Act (U.L.A.) § 29 cmt. (emphasis added).
"The judicial referee concluded M.H.P. was not in need of treatment or rehabilitation. Based on that finding, the judicial referee properly dismissed the proceeding, which included the State's petition. The issue of sexual registration was not and cannot be reached by the juvenile court because the proceeding was dismissed as required by N.D.C.C. § 27-20-29(2)."
830 N.W.2d at 218-21.
In Alabama, a "delinquent child" is also defined as "[a] child who has been adjudicated for a delinquent act and is in need of care or rehabilitation." § 12-15-102(7), Ala. Code 1975 (emphasis added). T.B.P. was found to have committed a delinquent act. See § 12-15-102(6), Ala. Code 1975 (definition of "delinquent act"). Therefore, for the same reasons set forth in M.H.P., because there was no finding that T.B.P. was in need of care or rehabilitation, the proceedings were due to be dismissed, not merely "closed."
For the reasons set forth above, this cause must be remanded to the juvenile court with directions to set aside its October 25, 2016, ruling and enter a new ruling dismissing the proceedings.
Accordingly, this case is remanded to the juvenile court with directions to set aside it October 16, 2016, order affirming the referee's closure of the case and to enter a new order dismissing the case in accordance with § 12-15-215(a), Ala. Code 1975. The juvenile court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion. The return to *639 remand shall include a supplemental record that includes the new order.
REMANDED WITH DIRECTIONS.*
Kellum, Burke, and Joiner, JJ., concur. Windom, P.J., concurs in the result.

The referee's July 23 and 30, 2015, written orders were filed in the family court clerk's office on August 4, 2015.

Note from the reporter of decisions: On August 4, 2017, on return to remand, the Court of Criminal Appeals affirmed, without opinion.